IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN WADE | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 1:12-cv-2586-SAG |
| PRATT STREET PUB, LLC, et al., | * | |
|     Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

### I. INTRODUCTION

Plaintiff, Brian Wade, together with Defendants, Pratt Street Pub, LLC, Pratt Street Pub Property, LLC, and Justin Dvorkin, jointly move this Court for an Order approving the settlement reached in this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

### II. STANDARD OF REVIEW

Although the parties have reached a settlement, Court approval is required. "Under the FLSA, 'there is judicial prohibition against the unsupervised waiver or settlement of claims.'" Kianpour v. Restaurant Zone, Inc., 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (quoting Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.'" Id. (citation omitted, alterations in original); see also Gionfriddo v. Jason Zink, LLC, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").

"While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically employed the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)." Kianpour, 2011 WL 5375082, at *2; see also Gionfriddo, 2011 WL 2791136, at *2 (indicating the "factors used to evaluate class action settlements under Federal Rule of Civil Procedure 23(e) are usually applied."); Lopez v. NTI, LLC, 748 F.Supp. 2d 471, 478 (D. Md. 2010) (FLSA settlement should be approved if the settlement reflects a "reasonable compromise" over the issues in dispute); Lane v. Ko-me, LLC, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011) ("[P]arties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute . . . .'") (citation omitted).

Importantly, there is a " 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." Lomascolo v. Parsons Brinckerhoff, Inc., 2009 WL 3094955, *10 (E.D. Va. Sept. 28, 2009). A settlement is not a trial, and a court's role is more of a balancing of the likelihoods than actual determinations of fact and law. Id. Compromise is the essence of settlement, and "a trial court should not make a proponent of a proposed settlement justify each term of a settlement agreement against a hypothetical or speculative measure of what concessions might have been gained since inherent in compromise is a yielding of absolutes and an abandoning of highest hopes." Id. "A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." Id. "Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." Galvez v. Americlean Services Corp., 2012 WL

2522814, *4 (E.D. Va. June 29, 2012) (citing <u>Alleyne v. Time Moving & Storage Inc.</u>, 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery).

As a result, in deciding whether to approve a proposed FLSA settlement, the Court evaluates two factors. First, the Court reviews whether the proposed settlement reflects a reasonable compromise over issues that are actually in dispute. Second, the Court reviews the reasonableness of the proposed award of attorneys' fees to plaintiffs' counsel. <u>See</u> <u>Kianpour</u>, 2011 WL 5375082, at *2-3. As discussed below, evaluation of these factors warrants the approval of the settlement.

### III.  ANALYSIS

#### A.  The Settlement Reflects A Reasonable Compromise Over Issues Actually In Dispute.

Embedded within this first factor are two considerations: whether there are issues "actually in dispute," and whether the settlement "reflect[s] a reasonable compromise" over those issues.

In this case, there is no question that there are disputed issues in this case. Regarding the substance, while the Defendants admit that it paid the Plaintiff $3.28/hour, which is less than the required amount under Md. Ann. Code LE art. § 3-419, Defendants maintained that it notified the Plaintiff that it complied with the provisions of Section 203(m) of the FLSA, by posting a notice and at an orientation meeting.

Moreover, and with respect to the proper measure of damages, the parties differed as to this issue as well. The Plaintiff contended that the Defendant owed the difference between $3.28/hr and $7.25/hr for each hour worked, while the Defendant contended that it owed the difference between $3.28/hr and $3.63/hr (the rate permitted by LE art. § 3-419).

Because there is no question that the parties have a bona fide dispute with respect to liability, the next inquiry is whether the settlement is reasonable. This involves the consideration of several factors:

> In reviewing the record and evaluating the strength of the case to determine whether a proposed [FLSA] settlement is reasonable, adequate and fair, a court should consider (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of settlement whether expressed directly or through failure to object; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

See Lomascolo v. Parsons Brinkerhoff, Inc., 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).[1]

### 1. Extent Of Discovery Conducted.

The purpose of this inquiry is to determine whether "the Parties had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" Lomascolo, 2009 WL 3094955, at *11 (citation omitted).

In this case, the Defendants provided Plaintiffs' counsel with wage/hour records, of sufficient quantity and quality for Plaintiffs' counsel to perform the necessary calculations to determine the potential range of recovery in this case. According to Plaintiff's counsel, this is primarily the information necessary in order to reach this settlement. (Exh. 1; Hoffman Affidavit).

---

[1] This Court has cited the Lomascolo court on several occasions. See Hoffman v. First Student, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); Leigh v. Bottling Group, LLC, 2012 WL 460468, at *4 (D. Md. Feb. 10, 2012); Kianpour v. Restaurant Zone, Inc., 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011); Lane v. Ko-Me, LLC, 2011 WL 3880427, at *1 (D. Md. Aug. 31, 2011); Leigh v. Bottling Group, LLC, 2011 WL 1231161, at *5 (D. Md. Mar. 29, 2011); and Lopez v. NTI, LLC, 748 F.Supp. 2d 471, 478 (D. Md. 2010).

**2.     Stage Of The Proceedings.**

This factor analyzes whether the "proceedings advanced to a stage sufficient to permit the parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." See Lomascolo, 2009 WL 3094955, at *10.  That factor, too, is satisfied.  As indicated above, the Plaintiff has received relevant documentation necessary to formulate an informed opinion on the merits of this case.  (Exh. 1; Hoffman Affidavit).   All counsel are satisfied that they have had ample opportunity to evaluate and consider the viability of claims and defenses raised in this case.  Plaintiffs received and completed the limited discovery that they had requested.

The parties have taken into account the risks in proceeding.  If discovery in this case continued, and if dispositive motions were filed, the parties would likely have a trial in early 2014.  The parties are all desirous of resolving this dispute before that time, and avoiding the costs of trial.

**3.     Absence Of Fraud Or Collusion In The Settlement.**

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." See Lomascolo, 2009 WL 3094955, at *12 (citation omitted). The settlement agreement was procured by arms-length negotiations between counsel for the parties in a mediation overseen by U.S. Magistrate Judge Susan K. Gauvey.  The parties were present at the mediation with counsel.  Counsel for the parties exchanged numerous proposals and counterproposals during the mediation and were able to narrow the bridge between their positions and reach a compromised settlement.  The attorneys for the Plaintiffs will not receive any contingency fee or monetary reimbursement from any of the Plaintiffs, and as further set forth below, the only fees and costs to be paid by Defendants to Plaintiffs' counsel were

subject to further secondary negotiations between the parties. <u>Bonetti v. Embarq Management Co.</u>, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) ("the Court finds that the best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.").

### 4. Experience Of Plaintiffs' Counsel.

Counsel representing the Plaintiffs are competent and well-experienced in handling federal court litigation in general, and FLSA actions in particular. Howard B. Hoffman, Esq. and Bradford W. Warbasse, Esq., who represented the Plaintiffs and were primarily involved in communications with them, have considerable experience in FLSA cases. (Exhs. 1 & 2; Affidavits of Hoffman and Warbasse).

### 5. Opinion Of Counsel And Plaintiff.

With respect to this factor, Plaintiffs' counsel has advised his client regarding the settlement agreement and has recommended judicial approval thereof. Moreover, Plaintiff has signed the settlement agreement. Plaintiffs' counsel proffers that there have been no objections made to the settlement agreement, and that Plaintiff received a full copy of the settlement agreement, with salient portions of the settlement agreement explained in lay terms. (Exh. 1; Hoffman Affidavit)

### 6. Amount Of The Settlement In Relation To The Potential Recovery.

During the most recent discovery period, Defendants produced to Plaintiffs payroll records for all the Plaintiffs during the limitations period which identified hours worked, wages received, and tips reported. Following settlement discussions between counsel, the parties

have now reached a proposed settlement contingent upon court approval. The parties have executed a formal settlement agreement with a general release ("Settlement Agreement"), which provides that the Plaintiff would receive $25,000.00 in four installments. See (Exh. 3). Prior to the mediation, the Plaintiff calculated his unpaid wages at approximately $29,000.00 (which includes liquidated (statutory enhancement) damages under 29 U.S.C. § 216(b)), while the Defendant calculated their exposure as approximately $2,000.00.

This amount does not include Plaintiffs' attorneys' fees, which the parties decided separately and secondarily, to be $12,000.00, also paid in four installments. (Exh. 3). The Defendants consistently argued that they intended to argue compliance with the FLSA's tip credit provision, such that Plaintiff would get no recovery (or amounts recovered might be very small and limited to improperly calculated overtime). The mental impressions of Plaintiffs' counsel regarding the analysis and evaluation of the merits of their claims remain protected, and Plaintiff's counsel is willing to set forth those detailed considerations on an *ex parte* basis to the Court. Suffice to say, Plaintiff's counsel recognized that continued litigation of the minimum wage claims was dependent, in large measure, on the credibility of witnesses. Based upon the relevant factors discussed above, the parties submit that the settlement agreement in this case is fair and reasonable.

B. **Attorneys' Fees To Plaintiffs' Counsel.**

The Court must also assess the reasonableness of the proposed award of attorneys' fees. Kianpour, 2011 WL 5375082, at *3; see also Gionfriddo, 2011 WL 2791136, at *3 (denying approval of settlement agreement because the parties did not provide "sufficient documentation to support the attorneys' fees stated in the settlement agreement."). The reasonableness of the fee award proposed in an FLSA settlement must be independently

assessed, regardless of whether there are claims that a conflict of interest has tainted an employee's recovery. Kianpour, 2011 WL 5375082, at *3.

The parties have also reached an agreement with respect to statutory attorney fee shifting and cost claims. The Plaintiff's fees records are attached hereto as Exhibit 4. The current value of Plaintiffs' counsel's time through the date of this filing, *before discounting, but after billing discretion was exercised,* is in excess of $15,400.00, but the parties have reached a compromise in the amount of $12,000.00 to cover all fees and costs. (Actual disbursements ("costs") in this case are no less than $471.12. See Exh. 1, ¶ 4). There is no objection by the Defendants as to the amount of fees and costs; indeed they agreed to pay that fee. Although the time is not in the format required by the Local Rules, a basic review of the time reveals that Plaintiffs' counsel **did not** engage in "block billing" and exercised billing discretion by marking certain entries as "gratis" or "no charge." See Exh. 4 (highlighted sections of Hoffman's fee records); see Miller v. U.S. Foodservice, Inc., 2006 WL 2547212, *1 (D. Md. Aug. 30, 2006) (Blake, J.) (describing the practice of block-billing as "a list of multiple tasks performed within a single time entry that does not identify the portion of work performed on each included task[,]" and rejecting its use in a fee shifting case). The total time spent on this case is already a substantial write-down from the market value for counsel's services. Importantly, Plaintiff has not objected to the settlement of counsel fees and costs. Lomascolo, 2009 WL 3094955 at 12 ("Counsel in this case have advised their clients regarding the Settlement Agreement and they have recommended judicial approval thereof, which should be considered by the Court.").

The Settlement Agreement, providing for attorneys' fees and costs in the amount of $12,000.00 (a compromised and reduced amount), represents an amount of fees and costs to be paid were negotiated separately and secondarily to Plaintiff's recovery. The fact that the

Plaintiff is receiving nearly all that he claims to be owed, and that Plaintiffs' counsel negotiated fees and costs only after Plaintiff was satisfied with his recovery (which again is not reduced by some contingency fee), substantially undermines any suggestion a conflict of interest taints the amount that Plaintiff is set to recover under the Settlement Agreement.  See Galvez, 2012 WL 2522814 at *4 (citations omitted).

If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel.  Kianpour, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); see also Phelps v. Detail USA, Inc., 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

Because the attorney's fees and cost determination was decided separately and without regard to the amounts paid to the Plaintiff, the Court need not be concerned as to the reasonableness of costs and fees requested by the Plaintiff.

### IV. **CONCLUSION**

For all the foregoing reasons, the parties respectfully request that the Court grant this Motion, approve this proposed FLSA settlement, and issue an Order in the form of the Proposed Order Approving Settlement, submitted contemporaneously herewith.

Respectfully submitted,

_____/s/_____   _____/s/_____
Howard B. Hoffman                           Zachary L. Erwin
600 Jefferson Plaza, Suite 304              *(signed by Howard B. Hoffman with*
Rockville, Maryland 20852                   *permission of Zachary L. Erwin)*
(301) 251-3752 (phone)                      Franklin & Prokopik
(301) 251-3753 (fax)                        2 N. Charles Street, Ste. 600
HBHoffmanEsq@hoholaw.com                    Baltimore, Maryland 21201
                                            (410) 230-1092 (phone)
                                            zerwin@fandpnet.com

_____/s/_____
Bradford W. Warbasse
*(signed by Howard B. Hoffman with*
*permission of Bradford Warbasse)*
Attorney At Law
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 337-5411 (phone)
(410) 938-8668 (facsimile)
warbasselaw@gmail.com
Counsel for Plaintiffs